UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| IRON MOUNTAIN PROCESSING, LLC, | § |  |
|---|---|---|
|  | § |  |
| Plaintiff, | § |  |
|  | § |  |
| v. | § | CIVIL ACTION NO. 3:24-CV-0952-B |
|  | § |  |
| FORTIS METAL MANAGEMENT, LLC, | § |  |
|  | § |  |
| Defendant. | § |  |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Fortis Metal Management, LLC's ("Fortis"), Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 6). For the following reasons, the Court **DENIES** Fortis's Motion.

### I.
### BACKGROUND

This is a breach of contract case. Fortis operates an online bidding platform where users can purchase scrap metal. Doc. 1, Compl., ¶¶ 7–8. Plaintiff Iron Mountain LLC ("Iron Mountain") is a company involved in the metal recycling business. *Id.* ¶ 6. Fortis is an LLC whose members are citizens of Texas. *Id.* ¶ 2. Iron Mountain is an LLC whose sole member is a citizen of Ohio. *Id.* ¶ 1. This dispute arose after Iron Mountain placed a successful bid on Fortis's platform but then refused to follow through on its purchase. *Id.* ¶¶ 15, 22.

To use Fortis's platform for bidding, users must first agree to the Unified User Agreement ("UUA"). *Id.* ¶ 9. The UUA states, "If you are the successful Buyer, you agree to pay the amount of your bid plus all applicable taxes and charges." Doc. 1-1, Ex. A, 2–3. In addition, the UUA includes:

(1) a provision making buyers solely responsible for insurance, (2) an indemnification clause, and (3) a disclaimer of warranties clause. *Id.*, 7–9.

Iron Mountain agreed to the terms of the UUA. Doc. 1, Compl., ¶ 11. Then, Iron Mountain submitted a successful bid on Fortis's platform to purchase scrap metal. *Id.* ¶ 15.

After placing a successful bid, Iron Mountain received a new contract from Fortis called the Service Provider Agreement ("SPA"). *Id.* ¶ 17. Iron Mountain alleges that the SPA contained a "variety of material terms that were not present in the [UUA]." *Id.* ¶ 19. These new terms included: (1) an insurance clause, (2) an indemnification clause, (3) a disclaimer of warranties clause, (4) a confidentiality clause, (5) price and documentation requirements, and (6) payment terms. *Id.* ¶ 20. Iron Mountain contends that it would not have agreed to the UUA had it "known of these additional material terms." *Id.* ¶ 21.

Iron Mountain informed Fortis of its decision not to sign the SPA. *Id.* ¶ 22. The next day, Fortis told Iron Mountain that it violated the UUA by refusing to sign the SPA. *Id.* ¶ 23.

Iron Mountain instituted this current action against Fortis in federal court. Doc. 1, Compl. Fortis has brought a similar action against Iron Mountain in state court. Doc. 7, Reply, 13. In its Complaint, Iron Mountain asserts causes of action for a declaratory judgment, breach of contract, exemplary damages, fraud, and negligent misrepresentation. Doc. 1, Compl., ¶¶ 28–33. Iron Mountain also seeks economic damages of $25,339.28, attorney's fees, interest, and court costs, and up to $200,000 in punitive damages. *Id.* ¶¶ 34–41.

Fortis filed a Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fortis contends that the Court lacks subject-matter jurisdiction because (1) the parties are not diverse and (2) the amount in controversy does not exceed $75,000. Doc. 6, Def.'s Mot., 2. The Court now

turns to the merits of the motion.

## II.

## LEGAL STANDARD

Federal subject-matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where the parties are of diverse citizenship. *See* 28 U.S.C. § 1331; *id.* § 1332; *McDonal v. Abbott Labs.*, 408 F.3d 177, 181 (5th Cir. 2005). In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332. The plaintiff bears the burden of establishing that the court has subject-matter jurisdiction over the dispute. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

In ruling on a motion to dismiss for lack of subject-matter jurisdiction, the court may evaluate "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981), *cert. denied*, 454 U.S. 897 (1981).

When a defendant raises a "facial attack" on subject-matter jurisdiction, that is, one based on the complaint alone, "the plaintiff is left with safeguards similar to those retained when a 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true." *Id.* at 412. If the "jurisdictional allegations in the complaint are sufficient[,]" then "the complaint stands." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

By contrast, a "factual attack" on jurisdiction is based on matters outside the pleadings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). To defeat a factual attack, a

plaintiff "must prove the existence of subject-matter jurisdiction by a preponderance of the evidence" and is "obliged to submit facts through some evidentiary method to sustain his burden of proof." *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir.1989) (internal quotations omitted). Under this method, a court's authority under Rule 12(b)(1) extends well beyond that conferred by Rule 12(b)(6) or even Rule 56 — the court has the additional power to resolve factual issues to determine if it has jurisdiction to hear the case. *Williamson*, 645 F.2d at 412–13.

"Ultimately, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

### III.

### ANALYSIS

Fortis's Motion to Dismiss is **DENIED**. The Court has subject-matter jurisdiction under 28 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000.

A.   *Complete Diversity Exists Between the Parties.*

Iron Mountain adequately pleaded complete diversity of citizenship, and complete diversity exists. Iron Mountain and Fortis are both LLCs. Doc. 1, Compl., ¶¶ 1–2. When determining the citizenship of LLCs, courts look to the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Accordingly, "[a] party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017).

Iron Mountain adequately pleaded diversity. In its Complaint, Iron Mountain alleged

"Plaintiff . . . is a limited liability company . . . and is managed by its members, who . . . are citizens of, the State of Ohio. Fortis . . . is a limited liability company . . . and is managed by its members, who . . . are citizens of, the State of Texas." Doc. 1, Compl., ¶¶ 1–2.

Rather than mounting a factual challenge that the parties are not diverse, Fortis argues that Iron Mountain "merely concludes" that the parties are citizens of different states and has not carried its burden for establishing diversity jurisdiction. Doc. 6, Def.'s Mot., 7–8. The Court disagrees.

Iron Mountain's complaint specifically alleges the citizenship of the LLC members. The Complaint identifies both parties as LLCs and alleges the members' citizenship. Doc. 1, Compl., ¶¶ 1–2. Thus, Iron Mountain properly pleaded the citizenship of every member of both LLCs. *See Settlement Funding, L.L.C.*, 851 F.3d at 536. Had the Complaint only identified the LLCs' principal places of business or state where the LLCs were organized, Iron Mountain would have failed to satisfy the pleading standard. *See Harvey*, 542 F.3d at 1080. But here, Iron Mountain provided a short and plain statement that sufficiently provided enough information to identify the citizenship of the LLCs' members.

Moreover, complete diversity exists in this case. The Court ordered both parties to file a report that specifically identified and set forth the citizenship of each of its members. *See* Doc. 11, Order. Iron Mountain's sole member is a citizen of Ohio. Doc. 13, Am. Disclosure Statement. Fortis's four members are citizens of Texas. Doc. 12, Disclosure Statement. As a result, complete diversity exists between the two sides. *See* 18 U.S.C. § 1332(a).

B.    *Iron Mountain's Complaint Satisfies the Amount in Controversy Requirement.*

Iron Mountain pleaded an amount in controversy greater than $75,000 in its complaint. A federal court has subject-matter jurisdiction over cases in which the amount "in controversy exceeds

$75,000, exclusive of interest and costs." 28 U.S.C. § 1332. For diversity purposes, the amount in controversy is normally determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).

"[U]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (internal quotation marks and footnotes omitted).

A plaintiff can only aggregate separate and distinct claims against a defendant to meet the amount in controversy. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). None of Iron Mountain's claims can be aggregated because they were pleaded in the alternative and are not separate, distinct claims. *See* Doc. 1, Compl., ¶¶ 29–33.

Iron Mountain asserts four claims against Fortis: (1) a claim under the Texas Declaratory Judgment Act; (2) a breach of contract claim; (3) a fraudulent misrepresentation claim under the Texas Deceptive Trade Practices Act; and (4) a common law fraud claim. *Id.* The Courts finds that Iron Mountain's common law fraud claim satisfies the amount in controversy requirement. The Court cannot say, to a legal certainty, that Iron Mountain would be *unable* to recover a sum greater than $75,000.

Iron Mountain asserted a common law fraud claim against Fortis. *Id.*, ¶ 30. Iron Mountain alleges that Fortis committed fraud by deliberately concealing material terms of the SPA. *Id.* Specifically, Iron Mountain alleges that the SPA included an insurance clause, an indemnification clause, a disclaimer of warranties clause, a confidentiality clause, price and documentation

requirements, and payment terms that were not included in the UUA. *Id.* ¶ 21.[1] It contends it would not have agreed to the UUA had it "known of these additional material terms." *Id.*

For its fraud claim, Iron Mountain alleges economic damages of approximately $25,000 and up to $200,000 in exemplary damages. *Id.* ¶¶ 31, 33. Texas law permits recovery of exemplary or punitive damages upon a showing of fraud or malice, so exemplary damages are included in the amount in controversy. TEX. CIV. PRAC. & REM. CODE § 41.003(a); *see Celestine v. TransWood, Inc.*, 467 F. App'x 317, 319 (5th Cir. 2012) (per curiam) ("The amount in controversy may include punitive damages if they are recoverable as a matter of state law.").

It is not without skepticism that the Court finds that Iron Mountain has satisfied the amount in controversy requirement. But the Court notes that its jurisdictional assessment is limited. *See Ramming*, 281 F.3d at 161 (stating that a subject-matter jurisdiction analysis does not reach the merits of a case). And "[w]hen the plaintiff has stated a claim for which state law permits the recovery of punitive damages, a federal court cannot say at the jurisdictional stage, to a legal certainty, that the plaintiff cannot recover such punitive damages." *AJM Exp., Inc. v. H & S Transp., Inc.*, No. 94-60738, 1995 WL 295946 at *2 (5th Cir. Apr. 26, 1995). So even if Iron Mountain's fraud claim could not survive a motion to dismiss for failure to state a claim, it can still be used to satisfy the amount in controversy requirement. *See id.* (noting that the "factual basis" upon which plaintiff rested its claim for $50,000 in punitive damages and $14,965 in actual damages "may be far-fetched," but was nevertheless sufficient to meet the jurisdictional amount). It may "far-fetched" to allege that Iron Mountain would recover up to $200,000 in punitive damages from Fortis for failing to disclose a confidentiality clause and payment terms, but it is not the Court's role to assess the merits of a case

---

[1] The Court notes that the UUA also included a remarkably similar insurance clause, indemnification clause, and disclaimer of warranties clause. Doc. 1-1, Ex-A, 2–3.

at this stage of the proceedings. For the foregoing reasons, the amount in controversy is satisfied.

## IV.

## CONCLUSION

The Court **DENIES** Defendant's Motion to Dismiss (Doc. 6). Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant Fortis is required to file an answer in 14 days.

**SO ORDERED**.

**SIGNED: October 9, 2024.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE